## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MADELINE GIORGI, *on behalf of herself and all others similarly situated,*<br><br>    Plaintiff,<br>v.<br><br>WEST CHESTER UNIVERSITY,<br><br>    Defendant. | Case No. 2:23-cv-4285<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Madeline Giorgi ("Plaintiff"), by and through her undersigned counsel, brings this Class Action Complaint against Defendant West Chester University ("WCU" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

### NATURE OF THE ACTION

1.      Higher education is no different from any other industry in as much as consumers (*i.e.*, students) have the ability to shop between different educational products offered by competitive institutions before ultimately purchasing the product that is right for them.

2.      Some colleges and universities offer an educational product without access to a campus or in-person community, while others offer an educational

1

product with access to a varied suite of services, activities, facilities and experiences through an on-campus, in-person educational experience.

3.     Plaintiff, an undergraduate student during the Spring 2020 semester, paid tuition and fees to enroll in WCU's on-campus, in-person education program, including all the benefits and services associated therewith for the entirety of the semester.

4.     Plaintiff's expectations of the contract were formed through the application, admissions, enrollment, registration and payment processes, in which throughout Defendant's policy documents it expressed the on-campus and in-person services and access available to students, as well as Defendant's past performance of always providing the same.

5.     Plaintiff's paid-for experience was not provided throughout the Spring 2020 semester, when that in-person educational experience was taken away from Plaintiff and other students at WCU.

6.     In March 2020, in response to the outbreak of the SARS-CoV-2 virus, the virus that causes the COVID-19 disease (the "COVID-19 pandemic"), WCU, like many other universities, transitioned to remote online-only education, canceled on-campus recreational events, canceled student activity events, and ordered students to refrain from going on campus.

7.     As a result, all on-campus education, services, and amenities were no

longer available to WCU students for the remainder of the Spring 2020 semester.

8.      Despite the harsh reality that students could no longer enjoy the benefit of the bargain for which they pre-paid, WCU refused to provide a prorated refund of tuition or fees tied to its on-campus education, services, and amenities that were not available to students for a significant part of the Spring 2020 semester.

9.      Accordingly, WCU's students lost the benefits of the bargain for services, access, and the experience they paid for and expected to receive but could no longer access or use following the school's transition to remote learning in March 2020.

10.     By not giving prorated refunds for tuition or fees charged for on-campus education and services not provided, WCU breached its contracts with students or was otherwise unjustly enriched.

11.     It cannot be disputed that the circumstances underlying this legal action are unfortunate and unprecedented. However, the students did not choose these circumstances, and they certainly did not agree to pay tuition and fees for online-only education and services.

12.     It is unfair and unlawful for WCU to retain tuition and fees for campus-based in-person education and services that was not provided and to pass the financial losses on to its students.

13.     Importantly, Plaintiff does not challenge Defendant's discretion in

adhering to federal, state, and local health guidelines, but rather challenges WCU's decision to retain the tuition and fees, paid by Plaintiff and other students for in-person education, experiences, access to campus, and services, without providing such for the entire duration of the Spring 2020 semester.

14.     Plaintiff brings this class action for damages and restitution resulting from WCU's retention of the tuition and fees paid by Plaintiff and the other putative Class members for in-person education and services not being provided. Specifically, this lawsuit seeks disgorgement of the prorated, unused amounts of the fees that Plaintiff and other putative Class members paid, but for which they were not provided the benefit, as well as a partial prorated tuition reimbursement representing the difference in fair market value between the on-campus product for which they had paid, and the online product that they received.

## **PARTIES**

15.     Plaintiff Madeline Giorgi is an adult, who at all relevant times, is a resident and citizen of Pennsylvania. She paid tuition and fees for the Spring 2020 semester. Beginning in approximately March of 2020, Plaintiff was forced to take her classes remotely, refrain from visiting campus, and prevented from utilizing various on-campus services for which she paid.

16.     Plaintiff was an undergraduate student enrolled at WCU for the Spring 2020 semester, which was scheduled to run from approximately January 21, 2020 to

4

May 9, 2020. In or around March 10, 2020, the campus was closed due to the COVID-19 pandemic. Plaintiff paid tuition and fees for an in-person educational services and access to campus during the Spring 2020 semester, the benefits of which she lost because WCU closed the campus and cut off access to on-campus services, facilities, and extracurricular activities.

17.     Defendant WCU is a public university founded in 1871. WCU boasts that it offers over 100 undergraduate programs and master's, doctoral and professional programs. Defendant's undergraduate program enrolls students from Pennsylvania as well as throughout other states and countries. Its principal campus is located in the city of West Chester, Chester County, Pennsylvania. Defendant is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

18.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

19.     This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and

because Defendant conducts substantial business by operating its principal campus in this District and soliciting students residing in this District to attend its institution.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, specifically, the contracts that are the subject of this action were formed in this District, and the performance and breach of contract also occurred in this District.

## **FACTUAL ALLEGATIONS**.

21.     Prior to the COVID-19 pandemic, WCU had a longstanding tradition of offering face-to-face classroom settings on campus.

22.     Upon information and belief, when students register for courses, WCU's electronic course catalog and registration portal list information such as the physical, on-campus location including building, room, and times each class was scheduled to meet in.

23.     To enroll in classes, WCU students are required to pay tuition and some form of mandatory fees. The Spring 2020 semester was scheduled to commence on or about January 21, 2020, and end on or about May 9, 2020. In or around March 10, 2020 the campus was closed due to the COVID-19 pandemic.[1]

---

[1]*Health Update: 3/10/20*, West Chester University
https://www.wcupa.edu/communications/newsroom/2020/03.10update.aspx (last visited Nov. 3, 2023)

6

24.     Tuition and fees for the Spring 2020 semester was $3,858.00 for full-time Pennsylvania resident undergraduate students or $9,645.00 for full-time non-Pennsylvania residents plus Mandatory Fees including General Fee and Technology Fee. The General Fee was $1,108.88 for all full-time students.[2] Additionally, full-time resident and non-resident students were charged a $239.00 and $364.00 Undergraduate Technology Instructional Fee, respectively.[3]

25.     The tuition and fees for the Spring 2020 semester for Graduate and Doctoral students was between $516.00 and $1,006.00 per credit based on residency status and program of study.[4] Additionally, Graduate and Doctorate students were charged a General Fee of $1,269.25 and $1,514.05, respectively.[5] Finally, Graduate Students were charged a Graduate Technology Tuition Fee of $28.00 per credit hour for resident students and $40.00 per credit hour for non-resident students.[6]

26.     WCU uses its marketing materials, course catalog, and other bulletins to solicit students for its in-person, on-campus academic programs. WCU highlights is physical location as a benefit to students by stating "Philadelphia is 25 miles to the east and Wilmington 17 miles to the south, putting the museums, libraries and

---

[2] *2019-2020 Catalog*, West Chester University, pg. 17-18, https://catalog.wcupa.edu/catalogarchives/2019-2020/pdf/2019-2020-undergraduate.pdf (last visited Nov. 3, 2023)
[3] *Id*.
[4] *Id*.
[5] *Id*.
[6] *Id*.

other cultural and historical resources of both cities in easy reach. Valley Forge, the Brandywine Battlefield, Longwood Gardens and other world-class attractions are nearby. New York and Washington are easily accessible by car or train."[7]

27.    WCU also markets its campus and community to its students. "West Chester University's community strongly supports the principles of academic integrity and academic responsibility, viewing both as the province of every member of the campus community."[8]

28.    WCU highlights the benefits of attending its physical campus and facilities when it states  "Over the ensuing decades, the University expanded to the west and south to include residence halls, student activity and athletic facilities, a dining facility, and general academic buildings. Focal points of student leisure life outside the classroom include the Sykes Student Union, which houses a movie theater, food court, meeting rooms, and lounges, and the Student Recreation Center, which features a popular three-story climbing wall, basketball courts, exercise rooms with cardio equipment and weights, a running track, and a smoothie cafe for post-workout refueling. The Business and Public Management Center opened in 2017 and is currently the largest academic classroom building on campus. The building features 23 multimedia classrooms, five collaborative classrooms, 13 classrooms

---

[7] *Id*. at pg. 7.
[8] *Id*. at pg. 6.

with tiered seating, a 189-seat lecture hall, five seminar/conference rooms, and 137 offices."[9]

29.     Additionally, WCU highlights the services that students can access through its facilities like its libraries. "Students come to the libraries to conduct research, use technology, write papers, compose music, print posters, exchange ideas, and engage with the world of information in the library's holdings of more than two million items. Library collections compare favorably with other major public and private libraries in the region, and students navigate the collections with the help of expert guidance from librarians and library staff."[10]

30.     Plaintiff and members of the Class paid their tuition in the Spring 2020 semester to enjoy everything WCU offered them, including on-campus resources, campus community, and in-person education for the entire Spring 2020 term.

31.     When enrolling in classes for Spring 2020, Plaintiff and members of the Class chose to enroll in classes offered in-person, to obtain the benefits outlined above. Students had the opportunity to research their courses through WCU's online class search function, as shown below:[11]

---

[9] *Id*. at pg. 10.
[10] *Id*.
[11] https://ps.wcupa.edu/psc/psprd/EMPLOYEE/SA/c/NUI_FRAMEWORK.PT_AG STARTPAGE_NUI.GBL?CONTEXTIDPARAMS=TEMPLATE_ID%3aPTPPNA VCOL&scname=WCU_SEARCH_CLASS_SCHEDULE&PanelCollapsible=Y&P TPPB_GROUPLET_ID=WCU_CLASS_SEARCH&CRefName=WCU_SEARCH _CLASSES&



32.     Plaintiff and members of the Class were also required to pay General Fees and Technology Fees for the Spring 2020 term. The General Fee was $1,108.88, and the Technology Fee was $239.00 and $364.00, based on residency.

33.     Plaintiff and the members of the Class paid the General Fees for the Spring 2020 semester so they could benefit from on-campus services and facilities offered by WCU to its students.

34.     As to the General Fee, WCU represents that the monies collected from this fee directly supports in-person and on-campus services that were no longer available to students after WCU's closure of its campus. Specifically, in WCU's policy documents it represents that the General Fee is broke down into the following services:[12]

---

[12] *2019-2020 Catalog*, *Supra*, note 2, at pg. 18.

a.  Sykes Student Union Fee ($83.64): This fee pays for the operation and use of the Sykes Student Union Building.

b.  Health Center Fee ($146.82): This charge is for the use of the University Health Center.

c.  Student Services, Inc. (SSI) Fee ($174.33): The SSI fee funds student activities, services, clubs, and sports.

d.  Auxiliary Enhancement Fee ($60.00): This fee supports the recent renovation of Sykes Student Union.

e.  Educational Services Fee ($409.70): Students pay this fee in lieu of specific department charges. These funds are used for instructional equipment and supplies for professors, maintenance of library circulation materials, and supports academic computing services.

f.  Parking Improvement Fee ($83.57): This fee is dedicated to improved the quality and availability of campus parking for students. Improvements include new student parking spaces, improved shuttle service between North and South Campus, and various safety improvements.

g.  Student Recreation Center Fee ($150.82): This fee supports the operation of the on-campus Student Recreation Center, including debt-service payments. This building includes an extensive fitness area on

11

two levels, elevated walking/jogging track, two-court gym, multi-activity court, spinning room, aerobic studios, racquetball/squash courts, a three-story climbing wall, social lounges, and a "hydration station" for refreshments.

35. As to the Technology Fee, WCU represents that the monies collected are "used to enhance classroom technology."[13]

36. Despite Plaintiff and Class Members paying the Spring 2020 semester tuition and Mandatory Fees to attend WCU for in-person and on-campus educational experience, services, and access, WCU failed to provide the promised in-person education for the duration of the entire semester, instead providing only online instruction for part of the Spring 2020 semester.

**A.    In Response to COVID-19, WCU Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes**

37. On March 10, 2020, WCU announced that the remainder of the spring semester would be taught remotely.[14] At that time, WCU announced that all residences would be closed to students.[15]

---

[13] *Id*. at pg. 19.

[14] *Health Update: 3/10/20*, West Chester University
https://www.wcupa.edu/communications/newsroom/2020/03.10update.aspx (last visited Nov. 3, 2023)

[15] *Id.*

38.     WCU did not resume any in-person classes for undergraduate students after the March 10, 2020 announcement. All Spring 2020 classes were only offered in a remote online format with no in-person instruction or interaction.

39.     Most of the services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to student health and wellness facilities, programs or services; studios and study spaces; fitness facilities; and student events.

40.     Although WCU provided prorated refunds for residence hall rooms and dining hall plans, WCU refused to adjust its tuition policies, including its policies governing tuition or the Mandatory Fees. Under those policies, the shift to exclusive remote online instruction occurred after students had already registered for courses and made the necessary financial obligations to pay the associated tuition and fees.

**B.     Students Experienced Significant Losses, in Many Cases of Borrowed Funds as a Result of WCU's Conduct.**

41.     At WCU, the median federal loan debt among borrowers who completed their undergraduate degree is $23,500.[16] The median monthly federal loan payment (if it were repaid over 10 years at 5.05% interest) for student federal loan borrowers who graduated from WCU is $249.[17]

---

[16] *West Chester University of Pennsyvlania Tuition & Financial Aid*, U.S. News, https://www.usnews.com/best-colleges/west-chester-3328/paying (last visited Nov. 3, 2023).
[17] *Id.*

42.    With the campus shut down for the entire term, Plaintiff and the proposed Class have been deprived of the benefits of the on-campus educational experience, services, and access to campus as set forth above. Nevertheless, WCU has refused to refund any portion of the tuition or the Mandatory Fees, despite not providing the on-campus educational product for which students paid.

43.    Students attending WCU's Spring 2020 term did not choose to attend an online institution of higher learning, but instead chose to enroll in WCU's in-person, on campus educational program.[18]

44.    During the Spring 2020 term, WCU principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom and experiential learning and interaction between students and professors and among students that students enrolling at WCU paid for.

45.    The online formats used by WCU did not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

---

[18] Had Plaintiff and the Class chose to seek online only education, she could have done so at significantly cheaper prices, based on offering in the same geographic location and nationwide. Further academic research shows that online programs are typically the cheaper alternative to traditional in-person and on-campus educational products.

46.     Students were deprived of the opportunity for hands-on, experiential, and collaborative learning and in-person dialogue, feedback, and critique, that they paid for.

47.     Access to facilities such as libraries, laboratories, computer labs, and study rooms, integral to a university education, and access to the myriad activities offered by campus life that foster social development, leadership, wellness, independence, and networking for future careers, are all substantial and material parts of the basis upon which WCU can charge the tuition it charges. Contrary to WCU's promises, these services and facilities were not provided.

48.     WCU has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 semester for the period it moved to online distance learning.

49.     Nor has WCU offered *pro rata* refunds of the Mandatory Fees it collected from Plaintiff and the members of the Class for the Spring 2020 semester even though Defendant closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

50.     Plaintiff and the Class are therefore entitled to a *pro rata* refund of the tuition and Mandatory Fees they paid WCU for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this case individually and, pursuant to Rule 23 of the

Federal Rules of Civil Procedure, on behalf of the class defined as:

> All WCU University students who satisfied their payment obligations
> for the Spring Semester 2020 tuition and/or Mandatory Fees and
> enrolled in at least one in-person on-campus class (the "Class").

52.     Specifically excluded from the Class are all students who received full

WCU-funded scholarships for the Spring 2020 semester, Defendant, Defendant's

officers, directors, agents, trustees, parents, children, corporations, trusts,

representatives, employees, principals, servants, partners, joint ventures, or entities

controlled by Defendant, and its heirs, successors, assigns, or other persons or

entities related to or affiliated with Defendant and/or Defendant's officers.

53.     Subject to additional information obtained through further investigation

and discovery, Plaintiff reserves the right to amend, narrow, or expand the class

definitions.

54.     **Numerosity:** The Class is so numerous that joinder of all members is

impracticable. Although the precise number of Class members is unknown to

Plaintiff, WCU reported thousands of students enrolled for the 2019-2020 school

year. The names and addresses of all such students are known to WCU and can be

identified through WCU's records. Class members may be notified of the pendency

16

of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

55.     **Commonality:** There are questions of law and fact common to the members of the Class including, without limitation:

a.      Whether WCU accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus educational experience, as well as certain facilities and services throughout the Spring 2020 term;

b.      Whether WCU breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus educational experience during the entirety of the Spring 2020 term;

c.      Whether WCU breached its contracts with Plaintiff and the Class by transitioning to remote education, and failing to provide the services and facilities to which the General Fees pertained;

d.      Whether WCU was unjustly enriched by retaining a portion of the tuition and Mandatory Fee during the period of time WCU was closed during the Spring 2020 term, and Plaintiff and the members of the Class were denied an in-person and on-campus

educational experience and access and the services and facilities

for which the Mandatory Fee was paid; and

e.     The amount of damages and other relief to be awarded to

Plaintiff and the Class members.

56.    **Typicality:** Plaintiff's claims are typical of the claims of the members

of the Class. Plaintiff and the other Class members each contracted with Defendant

for it to provide an in-person and on-campus educational experience for the tuition

they paid and the services and facilities for the Mandatory Fee that they paid, that

WCU stopped providing for the remainder for the Spring 2020 term.

57.    **Adequacy of Representation:** Plaintiff is an adequate class

representative because her interests do not conflict with the interests of the other

Class members whom she seeks to represent. Plaintiff has retained competent

counsel who are experienced in complex class action litigation, and Plaintiff intends

to prosecute this action vigorously. Class members' interests will be fairly and

adequately protected by Plaintiff and her counsel.

58.    **Predominance.** Common questions of law and fact predominate over

any questions affecting only individual Class Members. Similar or identical

violations, business practices, and injuries are involved. Individual questions, if any,

pale by comparison, in both quality and quantity, to the numerous common questions

that dominate this action. For example, Defendant's liability and the fact of damages

18

is common to Plaintiff and each member of the Class. If Defendant breached its contracts to Plaintiff and Class members, then Plaintiff and each Class member suffered damages by that conduct.

59.  **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members is relatively small compared to the burden and expense that would be required to individually litigate their claims against WCU, making it impracticable for Class Members to individually seek redress for WCU's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

60.  **Ascertainability:** Members of the Class are ascertainable. Class membership is defined using objective criteria, and Class members may be readily identified through Defendant's books and records.

**FIRST CLAIM FOR RELIEF**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiff and the Class)**

61.   Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

62.   Plaintiff brings this claim individually and on behalf of the members of the Class.

63.   When Plaintiff and Class members paid WCU tuition and the Mandatory Fee for the Spring 2020 term, WCU agreed to, among other things, provide an in-person and on-campus educational experience as well as the services and facilities to which the Mandatory Fees they paid pertained throughout the Spring 2020 term. As a result, Plaintiff and each member of the Class entered into binding implied contracts with WCU.

64.   When entering into implied contracts, Plaintiff and Class members reasonably believed and expected that WCU would provide them with an on-campus and in-person educational experience, as opposed to remote learning, and use of Defendant's facilities and services for the duration of the entire Spring 2020 semester as mutually agreed and intended in accordance with Defendant's publications, including but not limited to, its marketing materials, course catalogues, and other bulletins, as well as WCU's past performance of providing in-person and on-campus education.

20

65.     Plaintiff and Class members fully performed their obligations under their implied contracts with WCU by registering for classes and paying tuition and the Mandatory Fees.

66.     Defendant is in possession of all contracts, materials, circulars, advertisements and the like between Plaintiff and members of the Class on one hand, and WCU on the other.

67.     WCU breached its contracts with Plaintiff and the Class by failing to provide the promised in-person and on-campus educational experience as well as the services and facilities to which the Mandatory Fees pertained throughout the Spring 2020 semester, yet has retained monies paid by Plaintiff and the Class for an on-campus and in-person educational experience and access to these services and facilities during the entire Spring 2020 semester. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

68.     Plaintiff and the members of the Class have suffered damages as a direct and proximate result of WCU's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid equal to the reduction in contracted for education and services during the Spring 2020 term when WCU discontinued in-person classes and closed campus facilities.

69.     WCU should return such portions of the tuition and Mandatory Fee to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

70.    Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

71.    Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforceable contract with WCU regarding the relief requested.

72.    Plaintiff and members of the Class conferred a benefit on WCU in the form of tuition and the Mandatory Fees paid for the Spring 2020 term. The payment of this tuition and Mandatory Fees was to be in exchange for an in-person, on-campus educational experience to be provided to Plaintiff and the members of the Class throughout the Spring 2020 semester.

73.    WCU knowingly accepted the benefits conferred upon it by Plaintiff and Class members.

74.    WCU has retained the full benefit of the tuition and Mandatory Fee payments made by Plaintiff and the members of the Class for the Spring 2020 term— without providing the benefits that Plaintiff and Class members were owed.

75.    For example, WCU failed to provide Plaintiff and Class Members access to many on-campus facilities and services throughout the entire Spring 2020

22

term, yet WCU assessed Plaintiff and Class Members with tuition and fees that covered the cost of upkeep and maintenance of such facilities and services.

76.    Indeed, as a result of closing campus and moving classes online, WCU saved significant sums of money in the way of reduced utility costs, reduced meaning and staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work student students, and otherwise.

77.    The costs incurred for having an online only program are significantly lower than the overhead needed to provide classes and services on campus.

78.    As a result of WCU's retention of all the tuition and Mandatory Fees paid by Plaintiff and members of the Class during the period of time WCU was closed Plaintiff and the members of the Class were denied an in-person and on-campus educational experience and access and the services and facilities for which the Mandatory Fees were paid. This was unjust and inequitable under the circumstances.

79.    Allowing WCU to retain the full benefit of tuition and Mandatory Fees paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by WCU, unjustly enriched the Defendant.

80.    Accordingly, WCU has been unjustly enriched and should return the prorated portion of the tuition and Mandatory Fees that Plaintiff and Class members

23

each paid equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester when WCU discontinued in-person classes and closed campus facilities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief as follows:

(a)   For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)   For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)   For compensatory damages in an amount to be determined by the trier of fact;

(d)   For an order of restitution and all other forms of equitable monetary relief;

(e)   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses;

(f)   Awarding pre- and post-judgment interest on any amounts awarded; and

24

(g)    Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

A jury trial is demanded on all claims so triable.


Dated:  November 3, 2023

Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch
Nicholas A. Colella
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
gary@lcllp.com
nickc@lcllp.com

Michael A. Tompkins, Esq.
Anthony Alesandro, Esq.
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com
aalesandro@leedsbrownlaw.com

*Counsel for Plaintiff and Proposed Class*

25