IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADELINE GIORGI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-4285 |
| | : | |
| WEST CHESTER UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

### ORDER

**AND NOW**, this _____ day of _____, 202__, upon consideration of Defendant West Chester University's Motion to Dismiss Plaintiff's Complaint and any response thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**. It is further **ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**.

BY THE COURT:

_____
**HONORABLE JOHN F. MURPHY, U.S.D.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADELINE GIORGI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-4285 |
| | : | |
| WEST CHESTER UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant West Chester University, by its undersigned counsel, hereby moves that Plaintiff Madeline Giorgi's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6). As explained in the accompanying memorandum of law, Defendant has Eleventh Amendment immunity from this lawsuit, in its entirety, and is entitled to sovereign immunity from Plaintiff's claims arising under state law.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

Date: December 20, 2023      By:   */s/ Matthew Skolnik*
                                   Matthew Skolnik
OFFICE OF ATTORNEY GENERAL         Senior Deputy Attorney General
1600 Arch Street, Suite 300        Attorney ID No. 89423
Philadelphia, PA 19103
Phone: (215) 560-2136              Karen M. Romano
Fax: (717) 772-4526                Chief Deputy Attorney General
mskolnik@attorneygeneral.gov       Civil Litigation Section

                                   *Counsel for Defendant,*
                                   *West Chester University*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MADELINE GIORGI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-4285 |
| | : | |
| WEST CHESTER UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant West Chester University ("West Chester" or "the University"), through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff Madeline Giorgi's Complaint.

**I.      INTRODUCTION**

There is no subject matter jurisdiction over this civil action. From the face of the Complaint, indisputably there is no federal question. Both parties are Pennsylvania citizens (*see* Complaint, ¶¶ 15, 17) and Plaintiff's suggestion of *potential* diversity jurisdiction is entirely speculative. Notwithstanding the foregoing, the Court need not reach any fact-intensive questions concerning Plaintiff's putative class action. *See* Compl., ¶ 18. This is because it is well settled that the University, as an arm of the Commonwealth, is entitled to Eleventh Amendment immunity. Further, Plaintiff fails to state a plausible claim against West Chester, which, as a "Commonwealth party" under the plain language of several Pennsylvania statutes, is entitled to sovereign immunity under Pennsylvania law.

3

## II.     RELEVANT FACTS ALLEGED

Defendant West Chester is a public university and a member of the Pennsylvania State System of Higher Education, referred to as "PASSHE." *See* Compl., ¶ 17; *see also* PASSHE, "Our Universities," at https://www.passhe.edu/universities/index.html (last visited 12/19/23) (listing West Chester as a member institution).

Plaintiff Giorgi was an undergraduate student at West Chester in the Spring 2020 semester. Compl., ¶ 3. On March 10, 2020, under government orders the University announced that the remainder of the semester would be taught remotely, rather than in-person, and that on-campus dorms would be closed to students due to the Covid pandemic. Compl., ¶¶ 6, 23, 37. Plaintiff had already paid for tuition and fees for the duration of the Spring 2020 semester, which was schedule to run until May 9, 2020. *Id.*, ¶¶ 16, 30. This included a "General Fee" in the amount of $1,108.88, among other fees, so that Plaintiff "could benefit from on-campus services and facilities offered by WCU to it students." *Id.*, ¶¶ 32-33.

The crux of Plaintiff's Complaint is, "[a]lthough WCU provided prorated refunds for residence hall rooms and dining hall plans, WCU refused to adjust its tuition policies, including its policies governing tuition or the Mandatory Fees." *Id.*, ¶ 40. Thus, on behalf of herself and a purported class of fellow students – none of whom are identified – Plaintiff purports to bring state law claims of breach of contract (Count One) and quasi-contract/unjust enrichment (Count Two). The Complaint seeks damages in excess of five million dollars. Compl., ¶ 18.

## III.    STANDARD OF REVIEW

### A.     Rule 12(b)(1), Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12, a Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether sovereign immunity bars federal jurisdiction. *See*

4

*Worth & Co. v. Getzie*, 11 F. Supp. 3d 484, 496 (E.D. Pa. 2014)). When a motion to dismiss is based on lack of subject matter jurisdiction in addition to other defenses, "[a]n actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun v. Stolzenberg*, 239 Fed. Appx. 708, 710 (3d Cir. 2007).

      **B.**    **Rule 12(b)(6), Failure to State a Claim**

Under Rule 12(b)(6), following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), pleadings standards in federal court have shifted from simple notice pleading to a more heightened form of pleading that requires a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009); *Phillips v. County of Allegheny*, 515 F. 3d 224, 230 (3d Cir. 2008). Thus, when presented with a motion to dismiss for failure to state a claim, the district court should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court accepts the complaint's well-pleaded facts as true but should disregard legal conclusions. *Iqbal*, 556 U.S. at 678-79. Second, the court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. *Id.*; *see Phillips*, 515 F.3d at 234-35; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

**IV.**    **ARGUMENT**

      **A.**    <u>**WCU is Entitled to Eleventh Amendment Immunity**</u>.

Absent consent by the State, the Eleventh Amendment[1] bars suits in federal court by a private party against states, state agencies and state officials in their official capacities. *Idaho v.*

---

[1] The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

5

*Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-70 (1997); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). Eleventh Amendment immunity protects a state from suit regardless of whether the plaintiff is a citizen of that state. *Id.* at 100. The bar extends to suits against departments or agencies of the state having no existence apart from the state. *Laskaris v. Thornburgh*, 661 F. 2d 23, 25 (3d Cir. 1981), cert. denied, 469 U.S. 886 (1984). As when the state itself is named as the defendant, the Eleventh Amendment bars a suit against a state agency or officials in their official capacities – regardless of whether the requested relief is monetary, injunctive or declaratory in nature – where the state is the real party in interest. *Coeur d'Alene Tribe*, 521 U.S. at 270; *Seminole Tribe*, 517 U.S. at 58; *Pennhurst*, 465 U.S. at 101-02; *Edelman v. Jordan*, 415 U.S. 651, 663, 667 (1974).

A state may consent to be sued in federal court, *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 72-73 (2000), but such consent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. Plaintiffs "may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't of Comm. & Econ. Devel.*, 226 F.3d 223, 226 (3d Cir. 2020). On the contrary, first, Pennsylvania has withheld its consent to suit in federal court. *See* 42 Pa. C.S. § 8521(b). Second, as against the Commonwealth, its agencies or state officials in their official capacities, Congress has not abrogated Eleventh Amendment immunity for claims brought under 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 341-42 (1979).

Absent such abrogation, consent, or waiver, the Third Circuit and district courts within have consistently held that the State System and its member universities – including WCU –

6

"are entitled to Eleventh Amendment immunity . . . in federal court." *Bradley v. W. Chester Univ.*, 880 F.3d 643, 660 (3d Cir. 2018). *Skehan v. State Sys. of Higher Educ.*, 815 F.2d 244, 247-49 (3d Cir. 1987); *O'Hara v. Indiana Univ. of Pa.*, 171 F. Supp. 2d 490, 495-96 (W.D. Pa. 2001) (noting that it is "well-settled" that the State System and state universities are immune from suit under the Eleventh Amendment) (citing *Skehan*)); *Seybert v. W. Chester Univ.*, 83 F. Supp. 2d 547, 553 (E.D. Pa. 2000) (concluding that West Chester University is entitled to immunity solely due to the fact that it is a "member institution" of the State System) (citing 24 P.S. § 20-2002-A(a)).

This immunity extends "to suits against departments or agencies of the state having no existence apart from the state." *Laskaris*, 661 F.2d at 25. In *Bradley*, the Third Circuit cited with approval multiple Pennsylvania courts' determinations that PASSHE "member universities are Commonwealth agencies[] and therefore part of the Commonwealth government[.]" *Bradley*, 880 F.3d at 656 (internal quotations omitted). *See* 42 Pa. C.S. §§ 102, 761(a).

With respect to Plaintiff's state law claims, neither supplemental jurisdiction nor any other basis of federal jurisdiction may override the Eleventh Amendment. *Pennhurst*, 465 U.S. at 121. A district court may not exercise supplemental jurisdiction over nonconsenting state defendants in federal court. *See Raygor v. Regents*, 534 U.S. 533, 542 (2002).

Based on the foregoing clear authority, West Chester is entitled to Eleventh Amendment immunity from Plaintiff's claims. Because this Court lacks subject matter jurisdiction, Plaintiff's Complaint must be dismissed with prejudice.

**B.     <u>Plaintiff's State Law Claims also fail due to Statutory Sovereign Immunity</u>.**

Aside from Eleventh Amendment immunity, under either a Rule 12(b)(1) or (b)(6) analysis the pre-constitutional doctrine of sovereign immunity bars claims for alleged violations

7

of state law against Commonwealth parties. "Commonwealth parties" are statutorily defined as the state itself, its agencies and its officials and employees acting within the scope of their duties. except where the legislature expressly provides otherwise. 1 Pa.C.S. § 2310. *See* 42 Pa. C.S. §§ 8501, 8521-8528.  Title 1, Pa. C.S. § 2310 provides, in relevant part: "Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. § 2310.  It is equally fundamental that "exceptions to sovereign immunity are to be narrowly construed."  *Dean v. Com., Dep't of Transp.*, 751 A.2d 1130, 1134 (Pa. 2000).

PASSHE and the University both are Commonwealth entities protected by sovereign immunity. *See* 24 P.S. § 20-2002-A(a)(14) (listing "West Chester State College" as a member institution "which is **granted sovereign immunity**") (emphasis added); *see also Bradley*, 880 F.3d at 656 (citing 42 Pa. C. S. §§ 8521-28); *Armenti v. Pa. State Sys. of Higher Educ.*, 100 A.3d 772, 777 (Pa. Commw. Ct. 2014) ("PASSHE is a Commonwealth instrumentality and is cloaked with sovereign immunity. . . . The limited waivers of sovereign immunity in Title 42 [Pa. C.S. § 8522] relate solely to liability for negligence."); *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Commw. Ct. 2013) (holding that a PASSHE university is Commonwealth entity protected by sovereign immunity).

To the extent Plaintiff's breach of contract claim (Count One) somehow was intended to invoke an exception to sovereign immunity, the legislature has waived the Commonwealth's immunity with respect to certain categories of contracts authorized under the Procurement Code – which is not at issue in the present case.  Section 1702 of the Code, titled "Sovereign

immunity" reads:

> **(a) General rule.--**The General Assembly under section 11 of Article I of the Constitution of Pennsylvania reaffirms sovereign immunity, and, except as otherwise provided in this chapter, no provision of this part shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.
>
> **(b) Exception.--**The General Assembly under section 11 of Article I of the Constitution of Pennsylvania does hereby waive sovereign immunity as a bar to claims against Commonwealth agencies brought in accordance with sections 1711.1 (relating to protests of solicitations or awards) and 1712.1 (relating to contract controversies) and Subchapter C (relating to Board of Claims) *but only to the extent set forth in this chapter*.

62 Pa. C.S. § 1702 (emphasis added).

"[T]he Procurement Code is 'designedly structured to accord immunity, subject only to specific and limited exceptions.'" *Armenti*, 100 A.3d at 777 (quoting *Scientific Games Int'l, Inc. v. Dep't of Revenue*, 66 A.3d 740, 753 (Pa. 2013)). "The exception to sovereign immunity pertaining to Board-of-Claims jurisdiction defines the extent of the Commonwealth's statutory exception from sovereign immunity for claims arising from contract." *Id*. But the Pennsylvania Board of Claims only has jurisdiction over statutorily defined contracts, "[a] type of written agreement, regardless of what it may be called, **for the procurement or disposal of supplies, services or construction** and executed by all parties in accordance with the act of October 15, 1980 (P.L. 950, No. 164), known as the Commonwealth Attorneys Act." 62 Pa. C.S. § 103 (emphasis added).

As such, in *Tran v. State System of Higher Educ.*, 986 A.2d 179 (Pa. Commw. Ct. 2009), the Commonwealth Court made crystal-clear that the Board of Claims no longer has jurisdiction over tuition-related purported "breach of contract" claims against PASSHE member institutions. In doing so, the court distinguished students' tuition payment-related claims against a public university from such disputes with privately funded colleges, as follows: "because the University

9

is a public entity, we conclude that the Handbook did not constitute a contract between Petitioner and the University." *Id.* at 183.

The above should end the present inquiry, although there is one additional statutory exception which will briefly be addressed out of an abundance of caution. Pennsylvania's legislature has expressly waived the defense of sovereign immunity with respect to ten narrow categories of civil suits arising from the Commonwealth's negligence. Specifically, 42 Pa. C.S. § 8522 provides, "[t]he General Assembly . . . does hereby waive, in the instances set forth in subsection (b) only . . . , sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa. C.S. § 8522(a). Subsection (b) of § 8522 enumerates the ten exclusive acts which may impose liability upon a Commonwealth party for negligence; these acts are limited to acts implicating (1) vehicle liability, (2) medical-professional liability, (3) care, custody or control of personal property, (4) Commonwealth real estate, highways and sidewalks, (5) potholes and other dangerous conditions, (6) care, custody or control of animals, (7) liquor store sales, (8) National Guard activities, (9) toxoids and vaccines, and (10) sexual abuse. 42 Pa. C.S. § 8522(b). Clearly, Plaintiff's tuition and fees paid to West Chester do not fall under any of the above ten categories. Nor can Plaintiff's quasi-contract claim (Count Two) – to the extent it sounds in tort at all – be considered a claim of negligence.

Therefore, it cannot be disputed that sovereign immunity bars Plaintiff's breach of contract claim (Count One) and quasi-contract claim (Count Two).[2]

---

[2] On December 15, 2023, the undersigned counsel emailed counsel for Plaintiff regarding these defenses, in a good faith effort to avoid unnecessary motion practice. No response was received.

IV.     **CONCLUSION**

For all the foregoing reasons, Defendant West Chester University respectfully requests that this Court grant its Motion to Dismiss Plaintiff Madeline Giorgi's Complaint, in the form of Order appended hereto.

                                                  Respectfully submitted,

                                                  MICHELLE A. HENRY
                                                  Attorney General

Date: December 20, 2023                  By:   */s/ Matthew Skolnik*
                                                          Matthew Skolnik

OFFICE OF ATTORNEY GENERAL         Senior Deputy Attorney General
1600 Arch Street, Suite 300                   Attorney ID No. 89423
Philadelphia, PA 19103
Phone: (215) 560-2136                          Karen M. Romano
Fax: (717) 772-4526                              Chief Deputy Attorney General
mskolnik@attorneygeneral.gov           Civil Litigation Section

                                                  *Counsel for Defendant,*
                                                  *West Chester University*

## **CERTIFICATE OF SERVICE**

      I, Matthew Skolnik, hereby certify that the foregoing Defendant's Motion to Dismiss Complaint has been filed electronically on this date and is available for viewing and downloading from the Court's Electronic Case Filing system by all counsel of record.

December 20, 2023                         By:    *s/ Matthew Skolnik*
                                                              Matthew Skolnik
                                                              Senior Deputy Attorney General